Amanda F. Benedict, CA Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7560
amanda@amandabenedict.com

*Counsel for Plaintiff and all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL TRUJILLO,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JOLLY FARMS, INC.**, a California corporation,<br><br>Defendant. | Case No.  2:20-cv-00275-TLN-AC<br><br>**NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS**<br><br>Date: June 11, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. Troy L. Nunley<br>Courtroom: 2<br>Complaint Filed: February 5, 2020 |

**PLEASE TAKE NOTICE** that on Thursday, June 11, 2020, at 2:00 p.m., or as soon thereafter as counsel may be heard, counsel for Plaintiff Michael Trujillo (Plaintiff' or "Trujillo") shall appear before the Honorable Troy L. Nunley or any judge sitting in his stead in Courtroom 2 of the United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, and present Plaintiff's Motion for Extension of Time to Effectuate Service of Process.

This Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities and exhibits, oral argument of counsel, and any other matter that may be submitted at the hearing.

Respectfully submitted,

Dated: May 4, 2020

**MICHAEL TRUJILLO**, individually and on behalf of all others similarly situated,

By:    /s/  
      One of Plaintiff's Attorneys

Amanda F. Benedict, CA Bar No. 200291  
LAW OFFICE OF AMANDA F. BENEDICT  
7710 Hazard Center Dr., Ste E-104  
San Diego, CA 92108  
Telephone: (760) 822-1911  
Facsimile: (760) 452-7560  
amanda@amandabenedict.com

Steven L. Woodrow*  
swoodrow@woodrowpeluso.com  
Patrick H. Peluso*  
ppeluso@woodrowpeluso.com  
Woodrow & Peluso, LLC  
3900 E Mexico Ave., Suite 300  
Denver, CO 80210  
Tel: 720-213-0675

*Attorneys for Plaintiff and the alleged Classes*

*Pro Hac Vice motion forthcoming

# MEMORANDUM OF POINTS AND AUTHORITIES

Despite numerous service attempts, Plaintiff Michael Trujillo (Plaintiff" or "Trujillo") has been unable to effectuate service on Defendant Jolly Farms, Inc. ("Defendant" or "Jolly Farms"). Unfortunately, the ongoing COVID19 pandemic has further frustrated his service attempts. That is, after ten (10) unsuccessful attempts to serve the Defendant via a private process server, Plaintiff has now arranged for the Kern County Sheriff's Department ("KCSD") to serve Jolly Farms at its registered agent's address. However, the KCSD has informed Plaintiff that it has suspended all civil service attempts until further notice as a result of pandemic. An outside, uncontrollable event, such as the pandemic, is sufficient to establish good cause for an additional extension of time to complete service. Especially where, as here, Plaintiff has demonstrated diligence in his service attempts, and the outside event has prevented additional attempts. As such, Plaintiff respectfully requests an additional sixty (60) days to effectuate service of process.

## I.  Factual and Procedural History

On February 5, 2020, Plaintiff brought this alleged class action lawsuit alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act") (dkt. 1), placing the deadline to serve all defendants on or before May 5, 2020. Plaintiff, via process server, first attempted service on Defendant's registered agent on February 25, 2020. During the first attempt, the process server discovered that the registered agent's address was located in a gated, rural area. (*See* Declaration of Patrick H. Peluso ("Peluso Decl.") ¶ 4, a true and accurate copy of which is attached hereto as Exhibit A); *see also* Declarations of Diligence, true and accurate copies of which are attached hereto as Group Exhibit B.) The server was unable to contact any person located at the address. (Peluso Decl. ¶ 4; Grp. Ex. B.) The server unsuccessfully attempted service

at this address on four subsequent occasions. (Peluso Decl. ¶¶ 5, 7-8; Grp. Ex. B.) The process server also obtained the registered agent's telephone number and attempted to contact the agent by phone. (Peluso Decl. ¶ 6; Grp. Ex. B.) However, all of the server's calls went unanswered and unreturned. (Peluso Decl. ¶ 6; Grp. Ex. B.)

Following Plaintiff's inability to effectuate service, counsel located the home address of Defendant's registered agent. (Peluso Decl. ¶ 9.) Plaintiff attempted service, via process service, at the second address on five separate occasions—including March 15, 2020, March 16, 2020, March 20, 2020, March 22, 2020, and March 25, 2020. (Peluso Decl. ¶ 11; Grp. Ex. B.) The server was unable to serve Jolly Farms on any of the attempts. (Peluso Decl. ¶ 12; Grp. Ex. B.)

On March 30, 2020, Plaintiff arranged for service, via the KCSD, on Jolly Farms at its registered agent's address. (*See* Peluso Decl. ¶¶ 15.) Plaintiff provided the Complaint, Summons, and other initiating documents to the KCSD, along with payment for the service. (*Id.*) KCSD informed counsel that it was not currently attempting any civil service due to the COVID19 pandemic. (*Id.* ¶ 14.) KCSD later informed counsel for Plaintiff that it planned to begin civil service attempts on May 18, 2020, however, that date was subject to change. (*Id.* ¶ 17.)

Based upon these facts, Plaintiff now respectfully requests an additional sixty (60) days to effectuate service of process.

**II.     Argument**

Fed. R. Civ. P. 4 offers Plaintiff two avenues of relief. First, "if good cause is shown, the plaintiff is entitled to a mandatory extension." *Hopscotch Adoptions, Inc. v. Kachadurian*, No. CV F 09-2101 LJO MJS, 2010 WL 5313514, at *1 (E.D. Cal. Dec. 20, 2010). Alternatively, "[i]f the plaintiff fails to show good cause, the court must still consider whether a permissive extension is warranted." *Id.* "At that

Notice of Motion and Motion for Extension of Time to Effectuate Service of Process
- 4 -

point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.* The Ninth Circuit has noted "that the district court's discretion is broad." *Hearst v. West*, 31 F. App'x 366, 369 (9th Cir. 2002).

"The 'good cause' inquiry focuses on whether the Plaintiff has been diligent in attempting to effect service, and whether 'some outside factor ... rather than inadvertence or negligence, prevented service....'" *Blankenship v. Account Recovery Serv., Inc.*, No. 15-CV-2551-BTM-JLB, 2017 WL 1653159, at *2 (S.D. Cal. May 2, 2017). "'At a minimum, 'good cause' means excusable neglect.'" *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). However, "a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id.* (citation omitted).

Here, good cause exists to grant Plaintiff an extension of the deadline to serve all defendants. To date, Plaintiff has diligently worked to effectuate service. Specifically, Plaintiff attempted to serve Defendant at its registered agent's address on five occasions to no avail. (Peluso Decl. ¶¶ 4-8; Grp. Ex. B.) Unfortunately, the registered agent's address is located in a rural area that is not reasonably accessible. (Peluso Decl. ¶ 4; Grp. Ex. B.) Further, after locating a second address for the Defendant, Plaintiff attempted service at the second address on five other occasions. (Peluso Decl. ¶ 11; Grp. Ex. B.) Again, Plaintiff was unable to serve Jolly Farms.

As a result of his inability to effectuate service, Plaintiff arranged for the KCSD to complete service. Unfortunately, the KCSD has informed Plaintiff's counsel that due to the ongoing COVID19 Pandemic the department is not currently attempting any civil service. (Peluso Decl. ¶ 14.) However, KCSD accepted

Plaintiff's service request and stated that it would commence service at a later date, which could potentially begin as soon as May 18, 2020. (*Id.* ¶¶ 16-17.) This situation rises far beyond "excusable neglect." Rather, despite persistent attempts to serve Jolly Farms, Plaintiff now finds himself at the mercy of an outside event, the COVID19 pandemic, regarding when the KCSD will resume service attempts. And additional service attempts via a private process server would likely prove futile given the prior service history. In short, in light of the pandemic, Plaintiff needs an additional sixty (60) days to effectuate service. The additional time is necessary given that the KCSD is uncertain as to when the department will resume civil service operations.

Furthermore, the factors that courts may choose to analyze also argue in favor of granting an extension. First, while Defendant has not received actual notice of this lawsuit, Defendant's registered agent and director repeatedly refused to return any of the telephone calls placed by Plaintiff's process server. (*See* Peluso Decl. ¶ 6.) And Defendant should not be rewarded for its wholesale refusal to engage. Second, the Defendant would not suffer any prejudice at all. That is, the statute of limitations has not run on Plaintiff's claims and the result of a dismissal would only be to re-file the Complaint, which again unfairly rewards the Defendant. Finally, Plaintiff would suffer prejudice should the Court decide to dismiss the case. That prejudice includes—the additional passage of time to re-file the case, the costs associated with re-filing, and incurred costs associated with his service attempts to date. When weighing these factors, it is clear that an extension of the deadline is warranted. Moreover, the denial of an extension is likely to end with re-filing the same case in the same Court and obtaining an additional 90-days to again effectuate service.

Accordingly, good cause exists to grant Plaintiff a second extension of the

deadline to serve the Defendant. The Court should grant Plaintiff an additional sixty (60) days to complete service.

### III.  Conclusion

Therefore, in light of the current pandemic, Plaintiff respectfully requests that the Court grant the present motion and extend the deadline for Plaintiff to effectuate service upon Defendant Jolly Farms by sixty (60) days, and for such additional relief as the Court deems necessary and just.

Respectfully submitted,

Dated: May 4, 2020

**MICHAEL TRUJILLO**, individually and on behalf of all others similarly situated,

By:    */s/*
One of Plaintiff's Attorneys

Amanda F. Benedict, CA Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7560
amanda@amandabenedict.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
3900 E Mexico Ave., Suite 300
Denver, CO 80210
Tel: 720-213-0675

*Attorneys for Plaintiff and the alleged Classes*

*Pro Hac Vice motion forthcoming

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on May 4, 2020.

/s/